LINDA M. TIRELLI, ESQ.
Law Offices of Linda M. Tirelli
50 Main Street, 10th Floor
White Plains NY 10606
(914)682-2064
LTirelli@LindaTirelliLaw.com

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

---------------------------------------------------------------------X
IN RE:
CYNTHIA LEWIS

                                                              CHAPTER 13
                                                              CASE NO: 11-13987(JLG)

    Debtors.

---------------------------------------------------------------X
WELLS FARGO BANK, NA
    Movant

                                                              OBJECTION TO
V.                                                          MOTION FOR RELIEF
                                                          FROM STAY

CYNTHIA LEWIS
    Respondent
---------------------------------------------------------------X

**RESPONDENT / DEBTOR'S OBJECTION TO MOTION FOR RLEIEF FROM AUTOMATIC STAY FILED BY WELLS FARGO BANK, NA AND REQUEST FOR SANCTIONS UNDER 11 U.S.C. 105
AND
CONDITIONAL MOTION REQUESTING THE RECOVERY OF LEGAL FEES AND EXPENSES UNDER 28 U.S.C. 1927**

NOW HERE COMES the Debtor Ms. Cynthia Lewis through her attorney(s) of record, Linda M. Tirelli, Esq. hereby does so respond and respectfully objects to the Motion for Relief from Automatic Stay filed in this case by the above named purported creditor and in support hereof respectfully show unto the Court the following:

**BACKGROUND:**

1. This case was commenced by the filing of a Chapter 13 petition with the clerk of this court in the White Plains Division on August 22, 2011.

2. The deadline for filing proofs of claim was set by the court as January 18, 2012 with notice being served on all creditors by the clerk of the US Bankruptcy Court.

3. The Chapter 13 Debtor, Ms. Lewis, is owner of real estate located at, 1020 Old Town Rd., Trumbull, CT 06611 (hereinafter the "Property").

4. On or about September 6, 2011, the Debtor filed a Chapter 13 Plan with this Court and served all parties including Wells Fargo Bank, N.A. (ECF Doc. No. 9)

5. On or about November 28, 2011, Wells Fargo Bank, NA through its counsel of record filed an Objection to the Confirmation of the Debtor's Chapter Plan. (ECF Doc. No.15)

6. On or about February 2, 2012, the undersigned filed a status report with the court advising that Wells Fargo Bank, NA had missed the deadline by which to file a proof of claim and that Wells Fargo's attorney of record at the time had acknowledged missing the deadline in an email to the undersigned which was included as an exhibit to the Status Report. ( ECF Doc. No 20)

7. On February 8, 2012, the Debtor through counsel filed an amended chapter 13 plan which provided payment on pre-petition arrears to Wells Fargo in the amount of $1.00 and that all post-petition mortgage payments be held in escrow. Wells Fargo was noted as a disputed creditor and no post-petition payments were to be made directly to Wells Fargo Bank, NA. ( ECF Doc. No. 22 )

8. Despite passage of time Wells Fargo made no attempt to object to the amended plan or to otherwise participate in the bankruptcy process.

9. On December 13, 2012, TEN (10) months after filing and service of the amended plan, the Honorable Judge Lane confirmed the Debtor's plan over Wells Fargo's objection filed in November 2011 and an Order was entered on December 13, 2012. (ECF Doc. No. 25).

2

10. More than ONE (1) year after entry of the Confirmation Order and TWENTY-THREE (23) months *after* the bar date to file claims, Wells Fargo filed a proof of claim without seeking leave to file a late claim or leave to file any motion to vacate or reopen the Court's Order Confirming the Chapter 13 Plan. This untimely proof of claim has essentially no legal effect whatsoever.

11. For reasons not known to the Debtor or her counsel, Wells Fargo filed the instant Motion for Relief From Stay on September 15, 2016 at a time when the case, if left alone, would have closed on its own in lesser time than it is taking to litigate the instant motion .

12. Wells Fargo remains a disputed creditor. It never came forth during the crucial point in the bankruptcy to prove standing to assert a claim. It sat on its rights in the bankruptcy court and ought not be permitted to now seek assistance from the court it ignored so blatantly for five years to come back now at this late date to seek relief to recapture its alleged collateral.

**II.    OBJECTION TO MOTION FOR RELIEF FROM STAY**

    **A. WELLS FARGO DELIBERATELY MISLEADS THE COURT WITH INTENT TO DECEIVE**
    "A lie that is half-truth is the darkest of all lies."
    ― Alfred Tennyson

13. The Gravamen of Wells Fargo's argument that the Debtor failed to make payments for 59 months is evidence is at odds with the facts of the case and evidence of a clear and deliberate choice of its lawyers to craftily word a motion so as to omit disclose pertinent facts the Court.

14. Wells Fargo deliberately omitted disclosing to this Court that it did not file a timely proof of claim.

3

15. Wells Fargo deliberately omitted disclosing to the court that it failed to object to the Debtor's amended Chapter 13 Plan despite having multiple law firms appearing in the case and clear notice of the case and all filings and service.

16. Wells Fargo deliberately omitted disclosing to the court that the Debtor's plan was confirmed via Order of the Court over its 2011 objection.

17. Wells Fargo deliberately omitted disclosing to the court that the confirmed chapter 13 plan provided that no post-petition payments were to be delivered to Wells Fargo.

18. Wells Fargo deliberately omitted disclosing to the court that the plain language of the plan provides for only $1.00 payout to Wells Fargo to cure all arrears and bring the Debtor current.

19. Wells Fargo deliberately omitted disclosing to the court that Category 2 (v) of the Debtor's plan provides as follows:

> (v) If Debtor pays the amount(s) specified in section (iv) (above), while making all required PostPetition Payments (see below), Debtor's mortgage will be reinstated according to its original terms, extinguishing any right of the Secured Creditor to recover any amount alleged to have arisen prior to the filing of Debtor's petition.

Because Wells Fargo was provided with $1.00 payout on arrears under the plan and no direct payments for post petition, the Debtor's mortgage is now reinstated and Wells Fargo has no right to recover any pre-petition debt and the mortgage is to be deemed current under the Court Order.

20. Wells Fargo deliberately omitted disclosing to the court that it literally sat on its rights throughout this case for the past FIVE (5) years.

21. In the case of In re Schuessler, 386 B.R. 458 (Bankr. S.D.N.Y. 2008). Chase, like Wells Fargo in the instant case, filed a motion for relief from the stay that failed to contain relevant information about the debtor's "failure" to make postpetition mortgage

4

payments. In re Schuessler, 386 B.R. at 487. Bankruptcy Judge Cecilia Morris found Chase's pleadings to be sanctionable, as "[w]hether deliberately or inadvertently, the process utilized by Chase Home Finance in this case stands in the way of important rights afforded to debtors under the Bankruptcy Code, including the right to the protection of the automatic stay pursuant to 11 U.S.C. § 362(a), and the essential concept of a 'fresh start.'" Id. at 491. Judge Morris denied Chase's motion and awarded the debtors their fees and costs in connection with Chase's motion. Id. at 493.

Wells Fargo, like Chase in <u>Schuessler</u>, motions the court seeking relief claiming that the Debtor hasn't made any post petition payments for the past 59 months of a 60 month plan but cleverly omits to disclose all of the pertinent facts the court needs to put the lack of payments in context of the case and the confirmation order.

22. As Judge Morris stated in Schuessler, [b]efore moving for relief from stay, a secured creditor's analysts and supervisors should do more than simply forward data to the next station or entity involved in the process. Someone must consider the specific facts in each individual case and conclude that relief from stay is actually necessary and warranted. Where affidavits are submitted under penalty of perjury, this Court expects that the facts asserted have been carefully researched and, to the best of the party's knowledge, are not only true but complete enough to be an accurate characterization. In re Schuessler, 386 B.R. 458, 491 (Bankr. S.D.N.Y. 2008). In the instant case an affiant set forth a series of missed payments so as to entice the court to become enraged and want to view the Debtor in a bad light and rule infavor of the alleged creditor, Wells Fargo.

23. As already stated above, in In re Schuessler, Chase filed a motion for relief from the stay that failed to contain relevant information about the debtor's failure to make postpetition

5

mortgage payments. In re Schuessler, 386 B.R. at 487. Bankruptcy Judge Cecilia Morris found Chase's pleadings to be sanctionable, as "[w]hether deliberately or inadvertently, the process utilized by Chase Home Finance in this case stands in the way of important rights afforded to debtors under the Bankruptcy Code, including the right to the protection of the automatic stay pursuant to 11 U.S.C. (§ 362(a), and the essential concept of a 'fresh start.'" Id. at 491. Judge Morris denied Chase's motion and awarded the debtors their fees and costs in connection with Chase's motion. Id. at 493. Wells Fargo's actions in this case are just as appalling and worthy of correction by thie Court as an abuse of process. The actions of Wells Fargo are deliberate and intended to mislead the Court and ought not be taken lightly.

The Honorable Chief Judge Morris in her infinite wisdom intended her use of the inherent powers of the court under 11 U.S.C. § 105 in the lengthy 2008 opinion as a warning to all Creditors.  Certainly a mortgage behemoth like Wells Fargo knows the warning and had an obligation to   "A creditor's inattentiveness can be just as abusive of process as an intentional act of misconduct. Under the facts in this case, the actions of the Mortgage Servicer constitute an abuse of process that this Court has a duty to rectify pursuant to 11 U.S.C. § 105(a), regardless of whether or not the abuse is the result of intentional conduct. ….. the Court's findings of fact set forth below, are intended to serve as a warning to all creditors that, in this Court's view, the conduct of the Mortgage Servicer in this case (including acts that were taken and not taken by its employees, agents and 465*465 attorneys) constitute an abuse of process. Even where creditors, such as the Mortgage Servicer in this case, devise a system designed to insulate them from any accountability or evidence of an intentional act or misrepresentation, this does not mean

6

that the system itself will not constitute an abuse of process; nor does it render this Court powerless to identify and correct such abuses." In re Schuessler, 386 B.R. at 464, 46

This court is also surely familiar with the Honorable Judge Robert D. Drain's 30 page opinion in which he uses versions of the word "forgery" 28 times in the case of In re Cynthia Franklin 10-20010 (rdd) (upheld on appeal IN RE CARSSOW-FRANKLIN, Dist. Court, SD New York 2016 Case No. 15-CV-1701 (KMK).) in referencing the general behavior of Wells Fargo used all caps to express the court's astonishment of the "…willingness and practice [of Wells Fargo] .to create documentary evidence, after-the-fact, when enforcing its claims, WHICH IS EXTRAORDINARY."   Franklin at pg.18.  A copy of Judge Drain's Franklin Opinion is attached hereto for easy reference.

In the instant case the question becomes *How many times will Wells Fargo push its luck in Southern District of New York before a Court issues sanctions and a clear stern warning?*  While there is a pending adversary proceeding in the Franklin case seeking sanctions for determination by Judge Drain,  the Debtor in the instant case, like Ms. Franklin,  is also harmed and is also incurring additional legal fees caused by this litigation invited by Wells Fargo in its continued apparent willingness to deceive the Courts in this district.  The court may further interested in knowing that at the time the Franklin case was in full blown litigation, the undersigned reached out to the firm representing Wells Fargo, HoganLovells, and tried to get Wells Fargo to pay attention to the Cynthis Lewis case.  It seems that even though a higher tiered counsel and well heeled law firm was made aware that its arguably largest client was about to be left out of proceeds in a chapter 13 case, Wells Fargo did nothing.

7

**B. <u>WELLS FARGO WAS NOT ENTITLED TO COLLECT ANY PAYMENTS AND SAT ON ITS RIGHTS FOR 5 YEARS AND SHOULD NOT BE ALOWED TO NOW SEEK RELLIEF TO COLLECT ITS ALLEGED COLATERAL</u>**

24. As stated above, the gravamen of Wells Fargo's Motion is that it was not paid for the 59 months prior to its motion nearly a full 5 years into the case while deliberately omitted to advise the court that it was subject of a valid court order which specifically did not afford any payments be made to Wells Fargo during the pendency of the bankruptcy case.

25. Wells Fargo had multiple opportunities and plenty of time between the filing of the petition on August 22, 2011 and the entry of the order confirming the Debtor's proposed plan on December 13, 2012 to act and assert its rights.  The Debtor in her initial proposed plan offered to pay the sum of $60,000.00 over the life of the plan to Wells Fargo if it filed a claim and could prove standing to assert a lien and debt owed. ( ECF Doc No 9).

26. In a similar recent case, In Matter of Jones , 555 BR 869 Bankr. Court , ND Indiana 2016 ( copy attached)  a creditor bank filed a Motion for Relief From Sta y after it sat on its rights and did nothing to protect itself.  In Jones,the Honorable Chief Judge Robert Grant of ND Indiana held that the "Debtors provided for the creditor in their plan, and all it had to do to receive what had been allocated to it was to file a claim but, for whatever reason, it sat back and did nothing.  While the bank has every right not to participate in the bankruptcy, it should not be permitted to ignore the debtors' ready, willing and able proposal to pay it, and then come in demanding its collateral. See, Humphrey, 309 B.R. at 782. Although the Bank argues that if it is not paid or allowed to proceed against the collateral, it will suffer a penalty equal to the "complete loss of the value of its lien," Brief in Support of Motion, pg. 8, it has no one but itself to blame for being in that

8

position. See, In re Outboard Marine Corp., 386 F.3d 824, 828 (7th Cir.2004). There is no cause to relieve the bank of the automatic stay.[2] Accord, Humphrey, 309 B.R. at 781-82; In re Clark, 38 B.R. 683 (Bankr.E.D.Pa.1984). See also, Macias, 195 B.R. at 662 n. 5; In re Schaffer, 173 B.R. 393, 395 (Bankr.N.D.Ill.1994) (cause for relief from stay would not likely flow from an omission by the party seeking relief)." In Matter of Jones, 555 BR 869 at 871.

27. Here, as in Jones, it is nothing less than astonishing that Wells Fargo failed to file a timely claim after it filed a feeble objection to the Debtor's original plan claiming the amount proposed was insufficient and then failed to file a timely claim and now after sitting back doing nothing wants this court to hold up the Debtor's fresh start to which she is entitled and grant Wells Fargo relief of the automatic stay to proceed to foreclose on collateral.  What reason could Wels Fargo possibly have for waiting 59 months into a 60 month plan to suddenly want to participate in the process? Wells Fargo ought not receive any benefit from the bankruptcy process it chose to avoid and ignore for half a decade.

28. It remains a mystery why after all the time that has passed would Wells Fargo come now and ask this court for relief.  The best guess the Debtor can make is that in doing so it generates additional legal fees and servicing fees to be assessed against this Debtor's account.

**WHEREFORE,** the debtor prays of the Court as follows:

A.    That Creditor's Motion for Relief from Stay be DENIED;

B.  That WELLS FARGO BANK, NA be precluded from filing any amended, modified or substitute or further motions seeking relief from stay in this case;

C.  That the Debtor have and recover against WELLS FARGO BANK, NA a sum to be determined by the Court in the form of actual damages;

D.  That the Debtor have and recover against WELLS FARGO BANK, NA a sum to be determined by the Court in the form of statutory damages;

E.  That the Debtor have and recover against WELLS FARGO BANK, NA a sum to be determined by the Court for punitive damages;

F.  That WELLS FARGO BANK,NA be forever barred from assessing and charging any fees, charges or other add-on monies to the Debtor's mortgage account;

G.  That the Debtor's mortgage be deemed current and in full complianc with the terms of the original loan agreement in accordane with the Confirmation Order and language of the Chapter 13 Plan;

H.  That the Debtor have and recover against WELLS FARGO BANK, NA a sum to be determined by the Court all legal fees and expenses incurred by her attorney(s); and

I.  That the debtor have such other and further relief as the Court may deem just and proper.

### III. CONDITIONAL MOTION REQUESTING THE RECOVERY OF LEGAL FEES AND EXPENSES UNDER 28 USC 1927

In the event the Motion for Relief From Stay is withdrawn by Wells Fargo Bank, NA at any time prior to the conclusion of the final hearing on the merits or in the event this Court denies the Motion of Wells Fargo based on one or more of the **Affirmative Defenses** pleaded herein or in the further event that the Court denies the motion upon a finding of one or more of the following facts:

1. This Court finds that the factual contentions in the creditor's motion for relief from stay were not based on a reasonable review of the Chapter 13 Order confirming the Debtor's plan and/or the bankruptcy case record; or

2. This Court determines that the Motion to Vacate the Automatic Stay was filed for some improper purpose such as to harass the debtor, generate fees (legal, servicing or otherwise) or to cause unnecessary delay or needlessly increase the cost of this Chapter 7 bankruptcy case.

Then and in the event any one or more of such findings are made by this Court then the debtor respectfully move this Court pursuant to the provisions of Section 1927 of Title 28 of the United States Code for the recovery of their legal fees and expenses in a sum equal to twice the presumed fee or the currently hourly billing rate of the attorney for the debtor ($500.00), whichever amount is greater, and for the recovery of the debtors' expenses such as lost time from activities she enjoys, from work, travel costs, telephone calls, postage, paying for bank records, from Wells Fargo Bank, NA, its successors in interest, and/or the attorneys for the Movant.

In support of this conditional motion, the debtors show unto the Court that Section 1927 of Title 28 of the United States Code, regarding Counsel's liability for excessive costs, provides:

*Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.*

A district court has the inherent power to assess attorney's fees against a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975) (internal quotations omitted). In this regard, if a court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled," it may assess attorney's fees against the responsible party. *Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946). In such instances, the imposition of sanctions "transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of 'vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy.'" *Chambers v. Nasco*, 501 U.S. 32, 46 (1991) (quoting *Universal Oil*, 328 U.S. at 580).

12

**WHEREFORE,** the debtor having responded by way of Objection to Motion for Relief from Stay filed herein for the purpose of reserving her right to hearing before the court respectfully pray of the court as follows**:**

A. That the debtor(s) be granted a **preliminary hearing** on all issues raised by the pleadings in this case;

B. That if applicable the claimant be ordered pursuant to **Rule 7034** of the Federal Rules of Bankruptcy Procedure to **produce all current appraisal reports on the subject property, valuations, delinquency contact reports, mortgage inspection reports, property inspection reports, and all documents** prepared in connection with this loan before any court hearing;

C. That the court require the claimant pursuant to **Rule 7034** of the Federal Rules of Bankruptcy Procedure to **produce a complete life of loan history of all receipts of payments since the filing of this case (from the Trustee and the Debtors) and a detailed summary of the application and disbursement of all such payments**;

D. That if applicable the Movant be ordered to provide the debtor with **the name, address and telephone number of the current holder and owner of the mortgage and promissory note as provided for by Section 1641(f)(2) of Title 15 of the United States Code**;

E. That if applicable the claimant provide the debtor(s) with a list of each entity having any interest in the mortgage note that is the subject of this motion including, but not limited to, any

broker, table-funder, correspondent lender, originator, lender, warehouse lender, trustee, investor, trustee under a pooling and servicing agreement, servicer, sub-servicer, master-servicer, or similar party, and to identify each such party by full name, address, and a telephone number;

F. That if applicable the Movant be required to provide the debtor(s) for each party listed pursuant to Section E herein the consideration each entity received or disbursed for any interest it obtained or relinquished in the loan as well as the party it paid consideration to or received it from;

G. That this response be treated as a written **Request for Production of the Documents** described herein, including the production of the lists and records as identified herein, said request being made pursuant to Rule 7034 of the Federal Rules of Civil Procedure and Rule 34 of the Federal Rules of Civil Procedure, and that **the court enter an order requiring such documents to be produced a least ten (10) days prior to any final hearing on this motion**;

H. That this response be treated as a **Motion pursuant to Rule 9006(c)(1)** of the Federal Rules of Civil Procedure for this court in its discretion without notice and a hearing to reduce the time period to respond to the request for production of documents as provided for herein to a period of no less than ten (10) days prior to the designated hearing date and that the claimant be ordered to fax legible copies of said documents to the attorney for the debtor(s) or to transmit the same by an expedited or express mail service;

I.  That the court require the Movant to establish all facts in its Motion by way of live sworn deposition testimony by qualified and competent agents and employees of the Movant and to that extent the debtor(s) object to the use of any affidavits at this hearing and will only consent to the testimony of witnesses with actual and personal knowledge of the facts so that they can authenticate that any matter is what it is claimed to be;

J.  That if applicable the motion be dismissed if the Movant fails to produce all of the requested documents at least five (5) days before the hearing date as requested herein and that sanctions be awarded against the claimant in the event thereof;

K.  That if applicable this motion be dismissed pursuant to Rules 7017, 7019, and 7020 of the Federal Rules of Bankruptcy Procedure for failure to prosecute the same in the name of the real party in interest, to join necessary and mandatory parties, or to include the Trustee under the Deed of Trust, or the Trustee under the Pooling and Servicing Agreement, as a necessary party;

L. That if applicable this motion be dismissed for failure of the claimant to comply with the mandatory claim transfer and assignment Rules as provided for by **Rule 3001(e)** of the Federal Rules of Bankruptcy Procedure;

M.  That the debtor(s) be granted a **final hearing** on all issues raised by the pleadings in this case;

15

N.  That the attorney for the debtor(s) be awarded a non-base legal fee of $450.00 to be paid under the plan; and

O.  That the debtor(s) have such other and further relief as to the court may seem just and proper.

This the 27th Day of January 2017.

　/S/ Linda M. Tirelli
Linda M. Tirelli, Esq.,
Counsel For Debtor
50 Main Street, 10th Floor
White Plains, New York 10606
Ph(914) 682-2064
Email: LTirelli@LindaTirelliLaw.com

CERTIFICATE OF SERVICE  OF
DEBTOR'S OBJECTION TO WELLS FARGO'S MOTION FOR RELIEF FROM AUTOMATIC STAY  AND CONDITIONAL MOTION FOR SANCTIONS

**CERTIFICATE OF SERVICE**

Linda M. Tirelli, attorney for the debtor, hereby certifies to the Court as follows:
1. I am not a party for the foregoing proceeding;
2. I am not less than 18 years of age;
3. I have this day served a copy of the foregoing

**RESPONDENT / DEBTOR'S OBJECTION TO MOTION FOR RLEIEF FROM AUTOMATIC STAY FILED BY WELLS FARGO BANK, NA AND REQUEST FOR SANCTIONS UNDER 11 U.S.C. 105
AND
CONDITIONAL MOTION REQUESTING THE RECOVERY OF LEGAL FEES AND EXPENSES UNDER 28 U.S.C. 1927**

on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession on **January 27, 2017** as follows:

Jeffrey L. Sapir, Esq.
Chapter 13 Trustee
399 Knollwood Road
Suite 102
White Plains, NY 10603

United States Department of Justice
Office of the United States Trustee
Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY 10004

Richard Mullen Esq
Woods Oviatt Gilman, LLP
700 Crossroad Building
2 State Street
Rochester, NY 14614

Nicole E. Schiavo Esq
Hogan Lovells US, LLP

875 Third Avenue  
New York, NY 10022

|  |  |
|---|---|
| DATED: January 27, 2017 | /S/ LINDA M. TIRELLI |
|  | Linda M. Tirelli, Esq. |
|  | Law Offices of Linda M. Tirelli |
|  | Attorney for Debtor |
|  | 50 Main Street, 10th Floor |
|  | White Plains, NY 10601 |
|  | Phone: (914)682-2064 |
|  | LTirelli@LindaTirelliLaw.com |